WILLIAMS and MACAY, it was (ut audivi) decided in favor of the executors of Lewis upon argument. *Page 219 
REPORTER. Quaere: The authorities upon which this decision is grounded (Fearne, 440; 9 Mo., 101; 2 P. Wil., 608) only prove that the husband may dispose for valuable consideration, and that equity will protect such assignment. 1 P. Wil., 566; 3 P. Wil., 411; Fearne, 446, 447; Co. Litt., 46 b; 10 Rep., 51 a; 1 Salk., 336; will none of them support this decision; neither does H. Bl., 538, for though a vested interest in remainder was there held to vest in the husband, that was the case of a chattel real; and 2 Atk., 124, and the authorities cited in Whitbie v. Frazier, prove that vested interest in the wife, not reduced into possession, do not go to the husband as husband, but as next of kin to the wife where he survives her; whereas, if they went to him as husband, because vested interests in the wife, there would be no occasion to claim them, nor indeed could be claim them as administrator of the wife. These negroes were but choses in action of the wife of the latter Lewis, which the first husband had never reduced into possession; and as she in fact had not become entitled to the possession till after the death of the mother, which was subsequent to that of her husband, the action in her right commenced only from the death of the mother; so that during the life of the first husband he could not even sue or demand the negroes in right of his wife; and it seems difficult to imagine how the executors could acquire these rights, which the person they represent had not. Ideo quaere de hoc.
Overruled: Weeks v. Weeks, 40 N.C. 120.
(279)